J-S05023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE BRANCH-SAMUELS | : | |
| | : | |
| Appellant | : | No. 131 WDA 2022 |

Appeal from the PCRA Order Entered June 21, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006189-2016

BEFORE: BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.: **FILED: APRIL 18, 2023**

Andre Branch-Samuels appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we vacate the order and remand for further proceedings.

On April 1, 2016, Dontae Thompson, while driving his vehicle, was fatally shot multiple times by someone driving a white Ford Focus. Police recovered two surveillance videos, which captured the shooting. Relying on this evidence, detectives identified and arrested Branch-Samuels. Branch-Samuels was charged with first-degree murder,[1] carrying a firearm without a

---

[1] 18 Pa.C.S.A. § 2501(a).

license,[2] tampering with or fabricating physical evidence,[3] and possession of a firearm prohibited.[4]

On November 8, 2017, a jury convicted Branch-Samuels on the charges of first-degree murder, carrying a firearm without a license, and tampering with or fabricating physical evidence.[5] On January 10, 2018, the court sentenced Branch-Samuels to life imprisonment for first-degree murder and to a consecutive forty-to-eighty months of incarceration for carrying a firearm without a license.[6]

Branch-Samuels filed a post-sentence motion, which the court denied on March 20, 2018. Branch-Samuels filed a timely notice of appeal. On July 26, 2019, this Court affirmed the judgment of sentence. *See Commonwealth v. Branch-Samuels*, 548 WDA 2018 (Pa. Super. filed July 26, 2019) (unpublished memorandum decision). Branch-Samuels filed a petition for allowance of appeal, which our Supreme Court denied on March 24, 2020.

_____

[2] *Id.* § 6106(a)(1).

[3] *Id.* § 4910(1).

[4] *Id.* § 6501(a)(1).

[5] The charge of possession of a firearm prohibited was *nolle prossed*.

[6] Branch-Samuels received no further penalty for the tampering with evidence conviction.

Branch-Samuels filed his first PCRA petition on December 11, 2020, in which he alleged after-discovered evidence in the form of a new witness, Tijuan Marquis Brown. In response, the Commonwealth filed an answer, and, on April 13, 2021, the PCRA court gave notice of its intent to dismiss under Pa.R.Crim.P. 907. The PCRA court dismissed this petition on June 21, 2021. Branch-Samuels filed a notice of appeal on July 21, 2021, and the trial court granted a petition for extension of time to file a Pa.R.A.P. 1925 concise statement of errors complained of on appeal, which Branch-Samuels filed on October 12, 2021. The PCRA court issued an opinion on October 28, 2021. On November 4, 2021, this Court dismissed the appeal for failure to file a docketing statement. On December 22, 2021, Branch-Samuels filed a second PCRA petition seeking the reinstatement of his collateral appellate rights *nunc pro tunc*, alleging a breakdown in court proceedings.[7] The PCRA court granted that petition and reinstated Branch-Samuels' collateral appellate rights *nunc pro tunc* on December 23, 2021. On January 24, 2022, Branch-Samuels filed a notice of appeal to this Court. Both Branch-Samuels and the PCRA court have complied with Rule 1925.

---

[7] On July 26, 2021, after his first notice of appeal was filed, Branch-Samuels obtained new counsel to represent him on appeal. Counsel entered his appearance; however, Branch-Samuels's new counsel did not receive any correspondence from this Court, which resulted in a failure to file the afore-mentioned docketing statement and, thus, a breakdown in the operation of the Court. All correspondence had been sent to Branch-Samuels' previous PCRA counsel.

Branch-Samuels raises five issues for our consideration:

1. Whether Branch-Samuels is entitled to relief based on after[-]discovered evidence indicating that [] Brown would testify that Branch-Samuels was not the shooter[.]

2. Whether PCRA counsel provided ineffective assistance of counsel by not challenging trial counsel's failure to object to the jury instruction regarding taped inconsistent statements by Jenea Price[.]

3. Whether PCRA counsel provided ineffective assistance of counsel for not challenging trial counsel's failure to make a timely objection that Detective Judd Emery was nonresponsive, and failure to request a curative instruction or that the testimony be stricken from the record[.]

4. Whether PCRA counsel provided ineffective assistance of counsel by not challenging trial counsel's failure to object to the Commonwealth's closing argument when the prosecution commented that Shawn Yancey and Todd Kenney were Commonwealth witnesses that became unavailable, implying Branch-Samuels had something to do with their unavailability?

5. Whether PCRA counsel provided ineffective assistance of counsel for failing to challenge trial counsel's failure to fully understand what evidence was given to trial counsel concerning the video footage of Elmore Square?

Brief for Appellant, at i-ii (reworded for clarity).

Preliminarily, we observe that Branch-Samuels has raised his ineffective assistance of PCRA counsel claims for the first time on appeal, and that the Honorable Jill E. Rangos, in her opinion, has requested that we remand the matter for a hearing on these claims. *See* PCRA Court Opinion, 3/24/22, at 6. Specifically, the PCRA court found the allegations to "provide more than mere 'boilerplate assertions of PCRA counsel's ineffectiveness,'" and concluded that remand is necessary to further develop the record to determine if they

have merit. *Id.* Additionally, Judge Rangos found that Branch-Samuels' after-discovered evidence claim was meritless because the testimony from Brown, who would have testified that Branch-Samuels was not the shooter, merely served to impeach two Commonwealth witnesses. *Id.* at 5. Furthermore, the court determined that Brown's testimony would not have affected the outcome of trial because it would have been considered in the context of the entirety of the Commonwealth's case which, as noted by this Court in *Branch-Samuels*, *supra*, was supported by corroborative evidence. *Id.*

Branch-Samuels raises his ineffective assistance of counsel claims for the first time on appeal. Accordingly, we must determine whether they have been waived. Recently, our Supreme Court has permitted "petitioner[s] to raise claims of ineffective assistance of PCRA counsel at the first opportunity [after obtaining new counsel or acting *pro se*], even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 402 (Pa. 2021). Instantly, Branch-Samuels challenges his PCRA counsel's failure to challenge his trial counsel's ineffective assistance. *See* Brief for Appellant, at 15-18. Additionally, as we noted *supra*, Branch-Samuels is now represented by new counsel. Therefore, pursuant to our Supreme Court's holding in *Bradley*, Branch-Samuels has properly raised these claims for our review. *See Bradley*, *supra*.

Next, we turn to whether remand is proper in this case. The absence of a developed record requires this Court to engage in fact-finding, which is not

- 5 -

an appellate court's function. ***Commonwealth v. Shaw***, 247 A.3d 1008, 1017 (Pa. 2021). The PCRA court is "the appropriate—and, indeed, the only—forum for the evidentiary and factual development" of PCRA claims. ***Id.***, quoting ***Commonwealth v. Koehler***, 229 A.3d 915, 937 (Pa. 2020). Additionally, our Supreme Court in ***Bradley*** acknowledged that remand may be proper in certain cases where ineffectiveness claims are raised on appeal in the first instance:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness. . .; however, where there are material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

***Bradley***, 261 A.3d at 402.

In his brief, Branch-Samuels addresses each of the three prongs of the ineffectiveness of counsel test,[8] but he has not had the opportunity to obtain

---

[8] To successfully claim ineffective assistance of counsel, a defendant must prove the following: (1) a defendant must show his claim to be of arguable merit; (2) that defense counsel had no reasonable basis for undertaking or failing to undertake the act or omission in question; and (3) that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. ***Commonwealth v. Douglas***, 645 A.2d 226, 230-31 (Pa. 1994).

prior counsel's testimony regarding the "strategic basis" for their actions. **See** Brief for Appellant, at 27; **see also Douglas**, **supra**. Likewise, as noted above, the PCRA court has not had the opportunity to hold a hearing on the issues and has requested that we remand because these claims appear to be more than boilerplate assertions of ineffectiveness. **See** PCRA Court Opinion, 3/24/22, at 6; Pa.R.Crim.P. 907(1).

We conclude that the record before us is insufficient to allow for disposition of the ineffectiveness claims that Branch-Samuels raises. Accordingly, we agree with Judge Rangos, and we remand this case to the PCRA court for Branch-Samuels to create an evidentiary record as it relates to his ineffectiveness claims.[9] **See Bradley**, **supra**; **Koehler**, **supra.**

Order vacated; case remanded with instructions. Jurisdiction relinquished.

---

[9] Regarding Branch-Samuels' after-discovered evidence claim, we decline to address it at this time. If Branch-Samuels' ineffectiveness claims are found to have merit and, a new trial granted, he may be permitted to present Brown as a witness. Therefore, ruling on the after-discovered evidence claim at this juncture is premature and, quite possibly, moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/18/2023